UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAUDI M. MWANGANGI, )<br>)<br>    *Plaintiff*, )<br>)<br>    *vs.* )<br>)<br>TAYLOR NIELSEN, BLAYNE ROOT, FRANK )<br>NOLAND, BEN PHELPS, TREY HENDRIX, and )<br>CITY OF LEBANON, INDIANA, )<br>)<br>    *Defendants*. ) | No. 1:19-cv-04105-JMS-MJD |

**ENTRY SETTING FORTH CLAIMS AND ISSUES REMAINING FOR TRIAL**

On October 25, 2022, Magistrate Judge Mark Dinsmore issued an Order requiring Plaintiff Daudi Mwangangi to file a statement setting forth a numbered list of claims that he believes remain for the trial in this case, and requiring Defendants Taylor Nielsen, Blayne Root, Frank Noland, Ben Phelps, Trey Hendrix, and the City of Lebanon, Indiana (the "City") to "either state their agreement that the claim remains from trial, or explain why Defendants do not believe that to be the case and/or whether a modified version of that claim remains for trial." [Filing No. 151.] Mr. Mwangangi has now filed his statement, [Filing No. 152], and Defendants have filed their responses, [Filing No. 154; Filing No. 155]. Those filings reflect some disagreement regarding the claims that remain for trial, so the Court clarifies below accordingly.

After reviewing the parties' filings and the Seventh Circuit Court of Appeals decision in the appeal of certain aspects of the Court's decision on the parties' Cross-Motions for Summary Judgment in this case, *Mwangangi v. Nielsen*, 48 F.4th 816 (7th Cir. 2022), the Court finds that the following claims and issues are left for trial:

1. **Damages for Fourth Amendment false arrest claim against Officer Root related to the handcuffing of Mr. Mwangangi**

   Mr. Mwangangi obtained summary judgment against Officer Root for his claim that his Fourth Amendment rights were violated when Officer Root handcuffed Mr. Mwangangi. [Filing No. 107 at 44-49.] The Seventh Circuit affirmed that decision. *Mwangangi*, 48 F.4th at 828. But the Seventh Circuit reversed the Court's grant of summary judgment in favor of Mr. Mwangangi on his false arrest claim against Sergeant Phelps, Officer Nielsen, and Officer Noland, finding that "the officers had at least arguable probable cause to arrest [Mr.] Mwangangi for impersonating a police officer by the time Sergeant Phelps made the formal arrest decision." *Id.* at 831.[1] Accordingly, Mr. Mwangangi's Fourth Amendment claim against Officer Root for false arrest in connection with handcuffing him is limited to the time period from the initial handcuffing to the time the decision to arrest Mr. Mwangangi was made – which spans two minutes and four seconds (the "2:04 Time Period"). *See Gaddis v. DeMattei*, 30 F.4th 625, 640 (7th Cir. 2022) ("Probable cause for an arrest provides an absolute defense to a [Fourth Amendment] false arrest claim."). The assessment of the amount of damages that Mr. Mwangangi is entitled to for his Fourth Amendment false arrest claim against Officer Root for his handcuffing of Mr. Mwangangi is limited to the 2:04 Time Period.[2]

2. **Damages for Fourth Amendment claim against Officer Noland for the second pat-down of Mr. Mwangangi**

   Mr. Mwangangi obtained summary judgment against Officer Noland for his claim that his Fourth Amendment rights were violated when Officer Noland patted him down a second time. [Filing No. 107 at 49-51.] The Seventh Circuit affirmed that decision, finding that "the formal arrest decision came well after the second pat down," and that Officer Noland "did not argue, as he might have, that he had an articulable suspicion that [Mr.] Mwangangi remained armed and dangerous even after Officer Root's first (perhaps more cursory) pat down, or that he independently had probable cause to arrest at that moment." *Mwangangi*, 48 F.4th at 829. The assessment of the amount of damages Mr. Mwangangi is entitled to for his Fourth Amendment claim related to Officer Noland's second pat down remains for trial.

---

[1] Because the Seventh Circuit found that there was at least arguable probable cause for Mr. Mwangangi's arrest, his state law false arrest and state law false imprisonment claims fail. *See Hull v. City of Chicago*, 624 Fed. App'x 436, 439 (7th Cir. 2015); *Brown v. Village of Romeoville, Ill.*, 407 Fed. App'x 56, 58 (7th Cir. 2011).

[2] Because Mr. Mwangangi's Fourth Amendment false arrest claim is limited to the 2:04 Time Period, no other officers (specifically, Officer Nielsen, Officer Noland, Lt. Phelps, or Officer Hendrix) can be liable on that claim because only Officer Root performed the initial handcuffing of Mr. Mwangangi.

3. ***Monell* claim related to the City's handcuffing practices**

   The Court denied the City's Motion for Summary Judgment on this claim, [Filing No. 107 at 69-71], and it remains for trial.

4. **State law battery claim against Officer Noland for the second pat-down of Mr. Mwangangi**

   The Court denied Defendants' Motion for Summary Judgment on this claim, [Filing No. 107 at 76-77], and it remains for trial.

5. **Supervisory liability claim against Sgt. Phelps based on Officer Root's handcuffing of Mr. Mwangangi**

   The Court denied Defendants' Motion for Summary Judgment on this claim, [Filing No. 107 at 65-68], and it remains for trial, but is limited to the 2:04 Time Period.

6. **Supervisory liability claim against Sgt. Phelps based on Officer Noland's second pat-down of Mr. Mwangangi**

   The Court denied Defendants' Motion for Summary Judgment on this claim, [Filing No. 107 at 65-68], and it remains for trial.

7. **Failure to intervene claim against Officer Nielsen, Officer Noland, and Officer Hendrix for Fourth Amendment false arrest related to Officer Root's handcuffing of Mr. Mwangangi**

   The Court denied Defendants' Motion for Summary Judgment on this claim, [Filing No. 107 at 65-68], and the Seventh Circuit Court of Appeals affirmed that decision, *Mwangangi,* 48 F.4th at 831-32. The Court notes that in his concurrence, Judge Easterbrook expressed skepticism that failure to intervene to prevent a Fourth Amendment violation is a plausible theory of liability under § 1983. *Id.* at 834-35. The Seventh Circuit has, however, recognized such a claim. *See, e.g.*, *Lewis v. Downey,* 581 F.3d 467, 472 (7th Cir. 2009) (recognizing that "[e]ven as a bystander…[an officer] can be held liable under § 1983 if [the plaintiff] can show that [the officer] (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring"). Established Circuit precedent must be followed over Judge Easterbrook's concurring opinion until and unless the Circuit determines otherwise. Accordingly, this claim remains for trial, but is limited to the 2:04 Time Period.

8. **Failure to intervene claim against Officer Nielsen, Officer Root, and Officer Hendrix for Officer Noland's second pat-down of Mr. Mwangangi**

The Court denied Defendants' Motion for Summary Judgment on this claim, [Filing No. 107 at 65-68], and the Seventh Circuit Court of Appeals affirmed that decision, *Mwangangi*, 48 F.4th at 831-32. Despite Judge Easterbrook's concurring opinion, discussed above, this claim remains for trial.

Given the substantial narrowing of Mr. Mwangangi's claims after summary judgment and the Seventh Circuit's decision, the parties are encouraged to continue working toward resolving the remaining claims short of trial.

Date: 11/22/2022

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**